**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF MARYLAND**

| | | |
|---|---|---|
| WILLIAM GUNN, #324-237 | * | |
| Plaintiff | * | |
| v. | * | Civil Action No. GLR-13-645 |
| THOMAS WILLIAMS, et al. | * | |
| Defendants | * | |

\*\*\*

## **MEMORANDUM OPINION**

Plaintiff William Gunn, ("Gunn") filed the above-captioned Complaint pursuant to 42 U.S.C. § 1983. Defendants Warden John Wolfe and Secretary of the Department of Public Safety and Correctional Services Gary D. Maynard, by their attorney, have filed a Motion to Dismiss, or in the Alternative for Summary Judgment.[1] ECF No. 17. Plaintiff has not responded.[2] After review of the pleadings and applicable law, the Court determines that a hearing is unwarranted. See Local Rule 105.6 (D. Md. 2011). For the reasons that follow, the Motion to Dismiss, construed as a Motion for Summary Judgment, will be GRANTED.

### **Background**

Gunn, an inmate confined at the Jessup Correctional Institution ("JCI"), alleges that on September 18, 2012, he was served with a number of inmate rule violations. He states that it

---

[1] Hearing Officer Thomas Williams has not been properly served with the Complaint. For the reasons that follow, even if the Hearing Officer had been served, the Complaint against him would be subject to dismissal.

[2] Pursuant to the dictates of Roseboro v. Garrison, 528 F.2d 309, 310 (4th Cir. 1975), on September 16, 2013, Plaintiff was notified that Defendants had filed a dispositive motion, the granting of which could result in the dismissal of his action. ECF No. 18. Plaintiff was advised that he was entitled to file materials in opposition to that motion within 17 days from the date of that letter and that his failure to file a timely or responsive pleading or to illustrate, by affidavit or the like, a genuine dispute of material fact, could result in the dismissal of his case or in the entry of summary judgment without further notice from the Court. Id.

took 35 days before he was provided an adjustment hearing and that he was denied visits while waiting for the hearing. He states that the Hearing Officer was not fair in that he credited Plaintiff with a statement that Plaintiff claims he never made. Plaintiff alleges that his right to due process was denied because the hearing was not held within the 96 hours established in Bundy v. Cannon, 538 F. Supp. 410 (1982). ECF No. 1.

The uncontroverted record demonstrates that on September 18, 2012, Plaintiff was served with a notice of inmate rule infractions for violating rule #119 (indecent exposure or masturbation), #312 (interfering with or resisting the duties of staff), #400 (disobeying a direct lawful order) and #405 (exhibition, demonstration, or conveyance of insolence, disrespect or vulgar language). ECF No. 17, Ex. 2, p. 8-11. Officer Wills-Thomas states that while conducting security checks and visual scans of the F-Building wings, she observed Plaintiff finish his shower. He exited the shower wearing only underpants. Id., Ex. 2, p. 9. Will-Thomas directed Tier Officer Kazeem to have Plaintiff step back into the shower to properly dress. Will–Thomas observed Kazeem speak to Plaintiff who then turned suddenly while waving his hands and pulled his underpants down exposing himself. Will-Thomas called Kazeem over the radio to ask why Plaintiff was exposing himself when he had been directed to step back into the shower to dress. Kazeem replied "I gave him a direct order to step inside the shower and put on the proper clothing." Plaintiff replied, "Tell her to be quiet and mind her damn business." Will-Thomas stopped the movement of inmates in and out of the shower and advised her supervisor of Plaintiff's conduct. Id.

JCI Institutional Directive No. 110.0006.1 provides that inmates placed on administrative segregation pending an adjustment hearing are subject to the same rules as disciplinary segregation inmates, including restrictions on property, recreation and showers. Id., Ex. 4.

Additionally, inmates placed on segregation pending an adjustment hearing have their telephone and visitation privileges suspended until the hearing determines whether the privileges will be reinstated. Id., Ex. 6.

As a result of the inmate rule infractions, Plaintiff wrote Warden Wolfe and Chief of Security Allen Gang stating that he did not expose himself and asking that they review the tier video. Id., Ex. 7. Plaintiff's request was granted and Major Patrick Ford reviewed the tier video and advised Security Chief Gang that there was no evidence Plaintiff exposed himself. Id., Ex. 8.

Plaintiff's adjustment hearing was held on October 22, 2012. He pled guilty to violations of rules #312 (interfering with or resisting the duties of staff), #400 (disobeying a direct lawful order) and #405 (exhibition, demonstration, or conveyance of insolence, disrespect or vulgar language) but plead not guilty to violation of rule #119 (indecent exposure or masturbation). Id., Ex. 2, p. 5. The hearing officer reviewed the tier video and found Plaintiff did not expose himself at any time. Plaintiff was found not guilty of violating rule #119. Id., Ex. 2, p. 6. He was sentenced to 30 days of disciplinary segregation for violating rule #312, and 15-day concurrent sentences for violating rules #400 and #405. No good conduct credits were revoked. Id., Ex. 2, p. 7.

**Standard of Review**

A.   Motion to Dismiss

The purpose of a motion to dismiss, pursuant to Fed. R. Civ. P. 12(b) (6), is to test the sufficiency of the plaintiff's complaint. See Edwards v. City of Goldsboro, 178 F.3d 231, 243 (4th Cir. 1999). The dismissal for failure to state a claim upon which relief may be granted does not require defendant to establish "beyond doubt" that plaintiff can prove no set of facts in

support of his claim which would entitle him to relief. See Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 561-62 (2007). Once a claim has been stated adequately, it may be supported by showing any set of facts consistent with the allegations in the complaint. Id. at 562. The court need not, however, accept unsupported legal allegations. See Revene v. Charles County Comm'rs., 882 F.2d 870, 873 (4th Cir. 1989), legal conclusions couched as factual allegations, see Papasan v. Allain, 478 U.S. 265, 286 (1986), or conclusory factual allegations devoid of any reference to actual events, see United Black Firefighters v. Hirst, 604 F.2d 844, 847 (4th Cir. 1979).

In reviewing a complaint in light of a motion to dismiss pursuant to Fed. R. Civ. Proc. 12(b)(6), the court accepts all well-pleaded allegations of the complaint as true and construes the facts and reasonable inferences derived therefrom in the light most favorable to the plaintiff. See Venkatraman v. REI Sys., Inc., 417 F.3d 418, 420 (4th Cir. 2005); Ibarra v. United States, 120 F.3d 472, 473 (4th Cir. 1997); Mylan Labs., Inc. v. Matkari, 7 F.3d 1130, 1134 (4th Cir. 1993). Rule 8(a)(2) of the Federal Rules of Civil Procedure requires only a "short and plain statement of the claim showing that the pleader is entitled to relief." Migdal v. Rowe Price-Fleming Int'l Inc., 248 F.3d 321, 325-26 (4th Cir. 2001); see also Swierkiewicz v. Sorema N.A., 534 U.S. 506, 513 (2002) (stating that a complaint need only satisfy the "simplified pleading standard" of Rule 8(a)).

The Supreme Court of the United States explained a "plaintiff's obligation to provide the 'grounds' of his 'entitlement to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007) (internal citations omitted). Nonetheless, the complaint does not need "detailed factual allegations" to survive a motion to dismiss. Id. Instead, "once a claim has been stated

adequately, it may be supported by showing any set of facts consistent with the allegations in the complaint." Id. at 563.  Thus, a complaint need only state "enough facts to state a claim to relief that is plausible on its face." Id. 570.

To survive a motion to dismiss, "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.' " Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quoting Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 570 (2007)). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Iqbal, at 678.  "But where the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged-but it has not 'show[n]'-'that the pleader is entitled to relief.' " Id. at 679 (quoting Fed. R. Civ. P. 8(a)(2)).

B.      Summary Judgment

Summary Judgment is governed by Fed. R. Civ. P. 56(a) which provides that: "The court shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law."   The Supreme Court has clarified that this does not mean that any factual dispute will defeat the motion:

> By its very terms, this standard provides that the mere existence of *some* alleged factual dispute between the parties will not defeat an otherwise properly supported motion for summary judgment; the requirement is that there be no *genuine* issue of *material* fact.

Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 247-48 (1986) (emphasis in original).

"The party opposing a properly supported motion for summary judgment 'may not rest upon the mere allegations or denials of [his] pleadings,' but rather must 'set forth specific facts showing that there is a genuine issue for trial.'" Bouchat v. Baltimore Ravens Football Club, Inc., 346 F.3d 514, 525 (4th Cir. 2003) (alteration in original) (quoting Fed. R. Civ. P. 56(e)).

The court should "view the evidence in the light most favorable to . . . the nonmovant, and draw all inferences in her favor without weighing the evidence or assessing the witness' credibility." Dennis v. Columbia Colleton Med. Ctr., Inc., 290 F.3d 639, 644-45 (4th Cir. 2002). The court must, however, also abide by the "affirmative obligation of the trial judge to prevent factually unsupported claims and defenses from proceeding to trial." Bouchat, 346 F.3d at 526 (internal quotation marks omitted) (quoting Drewitt v. Pratt, 999 F.2d 774, 778-79 (4th Cir. 1993), and citing Celotex Corp. v. Catrett, 477 U.S. 317, 323-24 (1986)).

In Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 249 (1986) the Supreme Court explained that in considering a motion for summary judgment, the "judge's function is not himself to weigh the evidence and determine the truth of the matter but to determine whether there is a genuine issue for trial." A dispute about a material fact is genuine "if the evidence is such that a reasonable jury could return a verdict for the nonmoving party." Id. at 248.

Thus, "the judge must ask himself not whether he thinks the evidence unmistakably favors one side or the other but whether a fair-minded jury could return a verdict for the [nonmoving party] on the evidence presented." Id. at 252.

The moving party bears the burden of showing that there is no genuine issue as to any material fact. No genuine issue of material fact exists if the nonmoving party fails to make a sufficient showing on an essential element of his or her case as to which he or she would have the burden of proof. See Celotex Corp. v. Catrett, 477 U.S. 317, 322-23 (1986). Therefore, on those issues on which the nonmoving party has the burden of proof, it is his or her responsibility to confront the summary judgment motion with an affidavit or other similar evidence showing that there is a genuine issue for trial.

**Analysis**

Plaintiff's complaint against Wolfe and Maynard is based solely upon the doctrine of respondeat superior, which does not apply in § 1983 claims. See Love-Lane v. Martin, 355 F.3d 766, 782 (4th Cir. 2004) (no respondeat superior liability under § 1983). Liability of supervisory officials must be "premised on 'a recognition that supervisory indifference or tacit authorization of subordinates' misconduct may be a causative factor in the constitutional injuries they inflict on those committed to their care.'" Baynard v. Malone, 268 F.3d 228, 235 (4th Cir. 2001), citing Slakan v. Porter, 737 F.2d 368, 372 (4th Cir. 1984). Supervisory liability must be supported with evidence that (1) the supervisor had actual or constructive knowledge that his subordinate was engaged in conduct that posed a pervasive and unreasonable risk of constitutional injury to citizens like the plaintiff, (2) the supervisor's response to the knowledge was so inadequate as to show deliberate indifference to or tacit authorization of the alleged offensive practices, and (3) there was an affirmative causal link between the supervisor's inaction and the particular constitutional injury suffered by the plaintiff. See Shaw v. Stroud, 13 F.3d 791, 799 (4th Cir. 1994). Plaintiff has pointed to no action or inaction on the part of Maynard or Wolfe that resulted in a constitutional injury, and accordingly, his claims against them shall be dismissed.

Even if Plaintiff had properly served Hearing Officer Thomas Williams with the Complaint, his claim against Williams would be subject to dismissal. In prison disciplinary proceedings which bring the possible loss of good conduct credits, a prisoner is entitled to certain due process protections. See Wolff v. McDonnell, 418 U.S. 539, 564 (1974). These include advance written notice of the charges against him, a hearing, the right to call witnesses and present evidence when doing so is not inconsistent with institutional safety and correctional concerns, and a written decision. Wolff, 418 U.S. at 564-571. Substantive due process is satisfied if the disciplinary hearing decision was based upon "some evidence." Superintendent,

Mass. Correctional Institute v. Hill, 472 U.S. 445, 455 (1985). Plaintiff received all the process he was due. He was given timely advance written notice of the infractions and was permitted to attend the disciplinary hearing and to call witnesses on his own behalf. He also received written findings of the hearing officer. Moreover, the hearing officer's determination of guilty findings was based upon some evidence, i.e. review of Plaintiff's guilty plea, video tape, and the written record. Plaintiff's guilty plea waived his right to a formal hearing as well as his right to call witnesses and to present evidence as to those charges. He was found not guilty of the exposure/masturbation charge after review of the tier video tape. Nothing more was required.

Further, the Court finds that restrictions placed on Plaintiff's visits do not violate his constitutional rights. See Overton v. Bazzetta, 539 U.S. 126, 133-134 (2003).[3] The events which led to the suspension of visitation are well documented as is Plaintiff's disciplinary history. Curtailment of visitation, recreation, and property privileges, which emphasizes the connection between an inmate's "choices and consequences," is rationally related to providing a safer prison environment. Overton, 539 U.S. at 133. His visitation was not permanently suspended. The loss of visits pending adjustment was not constitutionally violative as the withdrawal of visitation privileges is a proper and "even necessary management technique to induce compliance with the rules of inmate behavior, especially for high-security prisoners who have few other privileges to lose." Overton at 134. Although the suspension of Plaintiff's

---

[3]In Overton, the United States Supreme Court held that a prison policy that "uses withdrawal of visitation privileges for a limited period as a regular means of effecting prison discipline" does not result in cruel and unusual punishment. Overton, 539 U.S. at 137–38 (2003) (finding a two-year deprivation of visitation privileges did not violate the Eighth Amendment). The Supreme Court explained as follows:

> This is not a dramatic departure from accepted standards for conditions of confinement. Nor does the regulation create inhumane prison conditions, deprive inmates of basic necessities, or fail to protect their health or safety. Nor does it involve the infliction of pain or injury, or deliberate indifference to the risk that it might occur. If the withdrawal of all visitation privileges were permanent or for a much longer period, or if it were applied in an arbitrary manner to a particular inmate, the case would present different consideration.

Id., 539 U.S. at 137 (citations omitted).

visitation was restrictive, it was of brief duration. Thus, his allegations do not present a claim of constitutional magnitude for which relief can be granted.

Plaintiff's claim that he did not receive a disciplinary hearing within the time agreed upon in Bundy v. Cannon, 538 F. Supp. 410 (1982) (Bundy III) is unavailing. As outlined above, Plaintiff's disciplinary proceedings comported in all respects with the requirements of due process. Plaintiff's allegations that state law and/or regulations were violated during his disciplinary hearing, fails to state a due process claim. To the extent that written directives were not followed to the letter, the adoption of procedural guidelines does not give rise to a liberty interest; thus, the failure to follow regulations does not, in and of itself, result in a violation of due process. See Culbert v. Young, 834 F.2d 624, 628 (7th Cir. 1987).[4]

## Conclusion

For the aforementioned reasons, Defendants' Motion, construed as a Motion for Summary judgment, shall be granted.[5] Plaintiff's Complaint against Hearing Officer Thomas Williams is dismissed without prejudice. A separate Order follows.

June 27, 2014 /s/
_____
George L. Russell, III
United States District Judge

---

[4] Regardless of any alleged violations of internal regulations, the law is settled that the failure to follow a prison directive or regulation does not give rise to a federal claim, if constitutional minima are met. See Myers v. Kelvenhagen, 97 F.3d 91, 94 (5th Cir. 1996).

[5] Having found no constitutional violation the Court need not address Defendants' claim of qualified immunity.